**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4373**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

TONY NICO CLARK,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Jacquelyn Denise Austin, District Judge.  (6:24-cr-00722-JDA-1)

_____

Submitted:  April 23, 2026                                        Decided:  April 27, 2026

_____

Before NIEMEYER, THACKER, and HARRIS, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Joshua Snow Kendrick, KENDRICK & LEONARD, P.C., Greenville, South Carolina, for Appellant.  Christopher Braden Schoen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Nico Clark pled guilty, pursuant to a plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), Hobbs Act robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 1951(a), and brandishing a firearm in furtherance of a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii).  The district court sentenced Clark to 110 months' imprisonment, a downward variance from his advisory Sentencing Guidelines range.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Clark's guilty plea is valid and whether Clark's sentence is reasonable.  Clark was advised of his right to file a pro se supplemental brief, but he has not done so.  The Government has moved to dismiss the appeal pursuant to the appellate waiver in Clark's plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine its enforceability" and "will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Carter*, 87 F.4th 217, 223-24 (4th Cir. 2023) (internal quotation marks omitted).  "[A]n appellate waiver is valid if the defendant knowingly and voluntarily agreed to it." *Id.* at 224.  To determine whether a waiver is knowing and voluntary, "we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *Id.*  "A waiver is generally valid if a district court questions a defendant regarding the waiver of appellate rights during a properly conducted [Federal] Rule [of Criminal Procedure] 11

2

colloquy and the record indicates that the defendant understood the full significance of the waiver." *United States v. Smith*, 134 F.4th 248, 258 (4th Cir. 2025) (alteration and internal quotation marks omitted).

After reviewing the record, we conclude that Clark knowingly and voluntarily waived his right to appeal his convictions and sentence, with limited exceptions not relevant here. We therefore conclude that the waiver is valid and enforceable and that the sentencing issue counsel raises falls squarely within the scope of the waiver.

Clark's appellate waiver, however, does not bar our consideration of the validity of his guilty plea. *See United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023). Because Clark did not move to withdraw his plea "or otherwise challenge his plea before the district court," our review is for plain error. *United States v. Garrett*, 141 F.4th 96, 103 (4th Cir. 2025). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of—and ensures that the defendant understands—the nature of the charges to which he is pleading guilty, the minimum and maximum penalties he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1). The court must also ensure that the plea is voluntary and not the result of threats, force, or promises outside of those in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a sufficient factual basis supports the plea, Fed. R. Crim. P. 11(b)(3). "[A] properly conducted Rule 11 colloquy raises a strong presumption that the plea is final and binding." *Taylor-Sanders*, 88 F.4th at 522 (internal quotation marks omitted).

Here, the district court fully complied with Rule 11 and properly found that Clark's plea was knowing, voluntary, and supported by an independent factual basis. Accordingly, we conclude that the district court did not err—plainly or otherwise—in accepting the plea.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside of Clark's valid appellate waiver. We therefore grant the Government's motion in part and dismiss the appeal as to the issues within the scope of the waiver. We otherwise affirm the judgment. This court requires that counsel inform Clark, in writing, of the right to petition the Supreme Court of the United States for further review. If Clark requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Clark.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4